# Supreme Court of Florida

---

No. SC2024-0382

---

## IN RE: AMENDMENTS TO FLORIDA RULE OF JUVENILE PROCEDURE 8.245.

September 5, 2024

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee filed a report proposing amendments to Florida Rule of Juvenile Procedure 8.245 (Discovery).[1] The Committee approved the proposed amendments by a vote of 24-1-2, and The Florida Bar's Board of Governors unanimously voted to approve the proposed amendments. The Court published the proposal, and no comments were received. The more significant changes are discussed below.

We amend rule 8.245 to allow for electronic service of subpoenas and to remove reference to copies furnished "by delivery or mailing of copies." The word "tangible" is also removed from the

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

terms "tangible things" and "tangible papers" for consistency throughout the rule.

The Court hereby amends Florida Rule of Juvenile Procedure 8.245 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Sarah J. Rumph, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Cheo A. Reid, Past Chair, Juvenile Court Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 8.245. DISCOVERY**

**(a) Scope of Discovery.** Unless otherwise limited by the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other ~~tangible~~ things, whether stored in a paper or electronic format, and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(2) [No Change]

**(b) Required Disclosure.**

(1) [No Change]

(2) The following information must be disclosed by any party on demand:

(A) – (C) [No Change]

(D) ~~Tangible p~~Papers or objects belonging to the demanding party that are to be used at the adjudicatory hearing.

(E) [No Change]

(3) [No Change]

**(c)** [No Change]

**(d)     Production of Documents and Things for Inspection and Other Purposes.**

(1)     *Request; Scope.* Any party may request any other party~~:~~

(A)     [No Change]

(B)     to inspect and copy, test, or sample any ~~tangible~~ things that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed.

(2)     *Procedure.* Without leave of court the request may be served on the petitioner after commencement of proceedings and on any other party with or after service of the summons and initial petition on that party. The request must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request must specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed must serve a written response within 15 days after service of the request, except that a respondent may serve a response within 30 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. For each item or category the response must state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection must be stated. If an objection is made to part of an item or category, the part must be specified. When producing documents, the producing party must either produce them as they are kept in the usual course of business or ~~must~~ identify them to correspond with the categories in the request. The party submitting the request may move for an order under subdivision (k) concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.

(3) – (4)     [No Change]

**(e)     Production of Documents and Things Without Deposition.**

(1)     [No Change]

(2)     *Procedure.* A party desiring production under this rule must serve notice on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery or email and 15 days before the subpoena is issued if service is by mail. The proposed subpoena must:

(A)     be attached to the notice and ~~must~~ state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs;

(B)     ~~must~~ include a designation of the items to be produced; and

(C)     ~~must~~ state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things.

A copy of the notice and proposed subpoena must not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things must not be produced under this rule and relief may be obtained under subdivision (g).

(3)     *Subpoena.* If no objection is made by a party under subdivision (e)(2), an attorney of record in the action may issue a subpoena or the party desiring production must deliver to the clerk for issuance a subpoena and a certificate of counsel or pro se party that no timely objection has been received from any party. The clerk must issue the subpoena and deliver it to the party desiring production. The subpoena must be identical to the copy attached to the notice, ~~must~~ specify that no testimony may be taken, and ~~must~~ require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver, electronically serve, or mail legible copies of the documents or

things to the party serving the subpoena. The person on whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena must require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person on whom the subpoena is served objects at any time before the production of the documents or things, the documents or things must not be produced under this rule, and relief may be obtained under subdivision (g).

(4)     *Copies Furnished.* If the subpoena is complied with ~~by delivery or mailing of copies~~ as provided in subdivision (e)(3), the party receiving the copies must furnish a legible copy of each item furnished to any other party who requests it on the payment of the reasonable cost of preparing the copies.

(5)     [No Change]

**(f)**     [No Change]

**(g)     Depositions.**

(1)     *Time and Place.*

(A)     [No Change]

(B)     The deposition must be taken in a building in which the adjudicatory hearing may be held, in another place agreed on by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county in which ~~he or she~~the resident resides, is employed, or regularly transacts business in person.

(2)     [No Change]

(3)     *Use of Deposition.* Any deposition taken under this rule may be used at any hearing covered by these rules by any party for the following purposes:

(A)　[No Change]

(B)　For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because of one or more of the following reasons:

(i)　~~He or she~~The witness is dead.

(ii)　~~He or she~~The witness is at a greater distance than 100 miles from the place of hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition.

(iii)　[No Change]

(iv)　~~He or she~~The witness is unable to attend or testify because of age, illness, infirmity, or imprisonment.

(v) – (vi)　[No Change]

(4) – (6)　[No Change]

**(h)　Perpetuating Testimony Before Action or Pending Appeal.**

(1)　*Before Action.*

(A)　Petition. A person who desires to perpetuate the person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition must be titled in the name of the petitioner and ~~must~~ show:

(i) – (v)　[No Change]

(B) – (D)　[No Change]

(2) – (3)　[No Change]

**(i) – (k)**　[No Change]

## Committee Notes

[No Change]